UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONZO ATKINS, JR., <br><br> Plaintiff, <br><br> v. <br><br> CALIFORNIA CORRECTIONAL <br> HEALTH CARE SERVICES, et al., <br><br> Defendants. | No. 2:16-cv-2032 WBS DB <br><br><br> ORDER AND FINDINGS AND <br> RECOMMENDATIONS |

Plaintiff is a state prisoner, proceeding pro se with an action filed pursuant to 42 U.S.C. § 1983, alleging that his privacy was violated by defendants subjecting his personal medical records and identifying information to unsecure procedures. (ECF No. 1.) Before the court are plaintiff's application to proceed in forma pauperis (ECF No. 2) and the screening of plaintiff's complaint (ECF No. 1). Plaintiff declined to consent to the jurisdiction of a magistrate judge. (ECF No. 4.)

**I.     Motion to Proceed In Forma Pauperis**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). (ECF No. 2.) Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated for monthly payments

of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**II.     Screening**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

    **A.     Legal Standard**

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972). Still, to survive dismissal for failure to state a claim, a pro se complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662,

678 (2009). Furthermore, a claim upon which the court can grant relief must have facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Attachments to a complaint are considered to be part of the complaint for purposes of a motion to dismiss for failure to state a claim. Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).

**B.    Discussion**

Plaintiff generally alleges that his private information -- including social security number, driver license number, home address, and confidential medical records -- was exposed due to negligent security procedures by defendants. (ECF No 1.) Defendant asserts claims under the Fourth Amendment and California law. The complaint does not state any cognizable claims under section 1983 and must be dismissed. The court declines to address plaintiff's state law claim because, without a federal cause of action, this court would not have jurisdiction.

The only federally-protected right invoked by plaintiff in his complaint is the Fourth Amendment's protection from unreasonable search and seizure. Plaintiff claims that defendants allowed an unencrypted laptop with his private information to be removed from the jobsite, exposing his confidential records in violation of the California Privacy Act. (Id. at 4.) However, the actions alleged do not invoke the Fourth Amendment's protections.

The Fourth Amendment protects prisoners from unreasonable searches, including the invasion of bodily privacy. Bull v. City and County of San Francisco, 595 F.3d 964, 974–75 (9th Cir. 2010); Michenfelder v. Sumner, 860 F.2d 328, 332–33 (9th Cir. 1988). The Fourth Amendment prohibits unreasonable searches, and reasonableness is determined by the context, which requires a balancing of the need for the particular search against the invasion of personal rights that search entails. Bell v. Wolfish, 441 U.S. 520, 558–59 (1979) (quotations omitted); Bull, 595 F.3d at 971–72; Nunez v. Duncan, 591 F.3d 1217, 1227 (9th Cir. 2010); Michenfelder, 860 F.2d at 332. The scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted must be considered. Bell, 441 U.S. at 559 (quotations omitted); Bull, 595 F.3d at 972; Nunez, 591 F.3d at 1227; Michenfelder,

860 F.2d at 332.

Plaintiff's vague allegations of unnamed individuals removing a laptop from the office do not rise to the level of a Fourth Amendment violation. In this instance, there are no facts alleged concerning any "search" conducted by authorities, whether reasonable or unreasonable. (See ECF No. 1.) Plaintiff is merely asserting that his information was incidentally exposed. The invasion of privacy that plaintiff is alleging is not protected under the Fourth Amendment. See Valdez v. Matolon, No. 2:16-cv-2164 WBS DB P, 2017 WL 1213395 (E.D. Cal. Apr. 3, 2017) (court dismissed complaint for failure to state a cognizable claim where plaintiff alleged his private medical information may have been on an unencrypted laptop computer that was stolen from an employee of defendants).

### 1. **Standing**

In addition to not stating a claim under the Fourth Amendment, plaintiff's lawsuit also lacks standing to proceed in federal court.

Plaintiff fails to state a cognizable claim because he fails to show he has suffered an injury in fact. Article III of the Constitution limits the jurisdiction of federal courts to actual "Cases" and "Controversies." U.S. Const. art. III, § 2. "'One element of the case-or-controversy requirement' is that plaintiff [ ] 'must establish that [he has] standing to sue.'" Clapper v. Amnesty Int'l USA, 133 S. Ct. 1138, 1146 (2013) (quoting Raines v. Byrd, 521 U.S. 811, 818(1997)). To satisfy Article III standing, plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (citations omitted) (internal quotation marks, brackets and ellipses omitted).

The fact that medical records are entitled to privacy protections, under state law or under federal law, does not, itself, provide for a private right of action under § 1983. Webb v. Smart Document Solutions, LLC, 499 F.3d 1078, 1082 (9th Cir. 2007) (citing Standards for Privacy of

Individually Identifiable Health Information, 65 Fed. Reg. 82462-01, 82601 (Dec. 28, 2000) (to be codified at 45 C.F.R. pt. 160 and 164) ("Under HIPAA, individuals do not have a right to court action.")).

While potential future harm can in some instances confer standing, plaintiff must face "a credible threat of harm" that is "both real and immediate, not conjectural or hypothetical." Krottner v. Starbucks Corp., 628 F.3d 1139, 1143 (9th Cir. 2010) (citations and internal quotation marks omitted) (holding that threat of potential identity theft created by theft of a laptop known to contain plaintiffs' unencrypted names, addresses, and social security numbers was sufficient to confer standing, but that "more conjectural or hypothetical" allegations would make threat "far less credible"); Clapper, 133 S. Ct. at 1147 ("[A]n injury must be concrete, particularized, and actual or imminent." (Citation and internal quotation marks omitted.)).

In the body of his complaint, plaintiff appears to contend that his medical information was, in fact, on the stolen laptop. However, the exhibits supporting the complaint do not support that contention. Plaintiff's allegations are based upon a notification which states that it is unknown whether any sensitive information is contained in the laptop and that even if there is sensitive information in the laptop, the scope of the information, including whether any of plaintiff's information is contained therein, is unknown. In other words, whether plaintiff's sensitive information has been compromised is unknown. Plaintiff cannot state a claim for relief based upon the speculative breach of his sensitive information. Thus, his claim for violation of his constitutional right to informational privacy should be dismissed without prejudice for lack of standing. See Fleck & Assoc., Inc. v. City of Phoenix, 471 F.3d 1100, 1106-07 (9th Cir. 2006) (dismissal for lack of standing is without prejudice).

A number of prisoners have filed suits similar to plaintiff's based on the same notices from California Correctional Health Services. All appear to have been dismissed, without leave to amend, for lack of standing. See, e.g., Rosel v. Cal. Corr. Health Care Servs., No. 2:17-cv-0053 JAM AC P, 2017 WL 1105937 (E.D. Cal. Mar. 24, 2017); Chubbuck v. Cal. Corr. Health Care Servs., No. 2:16-cv-1325 JAM KJN P, 2016 WL 7104236 (E.D. Cal. Dec. 5, 2016); Miles v. Cal. Corr. Health Care Servs., No. 2:16-cv-1323 KJN P, 2016 WL 7104235 (E.D. Cal. Dec. 5, 2016);

Wingfield v. Cal. Corr. Health Care Servs., No. 2:16-cv-2407 CKD P, 2016 WL 6493939 (E.D. Cal. Nov. 1, 2016); Fletcher v. Cal. Corr. Health Care Servs., No. 16-cv-4187-YGR (PR), 2016 WL 5394125 (N.D. Cal. Sept. 27, 2016).

### 2. **State Law Claims**

Plaintiff asserts that under the California Code of Regulations, all laptops are to be encrypted. However, any violation of state tort law, state regulations, rules and policies of the department of corrections, or other state law is not sufficient to state a claim for relief under § 1983. To state a claim under § 1983, there must be a deprivation of federal Constitutional or statutory rights. See Paul v. Davis, 424 U.S. 693 (1976); Galen v. County of Los Angeles, 477 F.3d 652, 662 (9th Cir. 2007) ("Section 1983 requires [plaintiff] to demonstrate a violation of federal law, not state law."). Although the court may exercise supplemental jurisdiction over state law claims, plaintiff must first have a cognizable claim for relief under federal law. See 28 U.S.C. § 1367.

Because plaintiff lacks standing to pursue his federal claims, this court should decline to exercise supplemental jurisdiction over plaintiff's putative state law claims.[1] Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988) (when federal claims are eliminated before trial, district courts should usually decline to exercise supplemental jurisdiction).

### 3. **No Leave to Amend**

If the court finds that a complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)). However, if, after careful consideration, it is clear

---

[1] The court takes no position on whether plaintiff would be able to successfully pursue his claims in state court.

6

that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1005-06.

The undersigned finds that, as set forth above, plaintiff lacks standing to bring his federal claims, and amendment would be futile because the notification on which plaintiff's allegations are based establishes only speculative injury that is not real or immediate. Because plaintiff lacks standing to pursue his federal claims, the court should decline to exercise supplemental jurisdiction over plaintiff's state law claims, and should dismiss the complaint without prejudice.

### III. Conclusion

The complaint will be dismissed without prejudice because the facts show only that plaintiff's sensitive information might have been stolen, and the letters he relies on establish that he will not be able to show that his information was actually stolen because it is not known what was on the laptop. Plaintiff's injury is therefore too speculative to support a claim. Plaintiff's attempt to show injury fails because the injury occurred before the laptop was stolen.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request to proceed in forma pauperis is granted; and IT IS RECOMMENDED that this action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 27, 2017

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

TIM-DLB:10
DB / ORDERS / ORDERS.PRISONER.CIVIL.RIGHTS / atki.2032.scrn

7